Michael A. Kahn, Esq (SBN 123155)
THE LAW OFFICES OF MICHAEL A. KAHN
A Professional Corporation
eservice@michaelkahnlaw.com
10990 Wilshire Boulevard, Suite 1040
Los Angeles, CA  90024
T: 310-209-1600
F: 310-481-6076

Anthony Marsh, WSBA No. 45194
anthony@hlg.lawyer
Herrmann Law Group
505 Fifth Ave S, Ste. 330
Seattle, WA  98104
T: 206-625-9104
F: 206-682-6710
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| Tirunelveli Subramanian, an individual, | No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | 1. Treaty Liability (British Airways) |
| **BRITISH AIRWAYS**, a foreign business corporation, registered in the State of California, | 2. Common Carrier Negligence (British Airways) |
| | 3. Negligence (British Airways) |
| | 4. Gross Negligence (British Airways) |
| Defendant. | 5. Negligent Infliction of Emotional Distress (British Airways) |
| | **JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorneys, Anthony Marsh (pending admission pro hac vice) of *HERRMANN LAW GROUP*, Michael Kahn, and Jeff Garfinkel of the *LAW OFFICES OF MICHAEL A. KAHN*, to respectfully allege and complain as follows:

## SYNOPSIS

1. Plaintiff, Tirunelveli Subramanian was a ticketed passenger on British Airways Flight No. 269 from London Heathrow, United Kingdom, to Los Angeles,

COMPLAINT                                      1

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA  98104
T: 206-625-9104
F: 206-682-6710

California, on June 25, 2024. This flight was part of a larger booking/itinerary for Plaintiff Tirunelveli Subramanian's international round trip which departed on June 4, 2024, from San Jose, California, to Portland, Oregon, Portland, Oregon, to London Heathrow, United Kingdom, London Heathrow, United Kingdom, to Bengaluru, India, and

Bengaluru, India, to Plaintiff's final arrival destination in Chennai, India, on June 6, 2024. Plaintiff's return trip departed on June 25, 2024, from Chennai, India, to London Heathrow, United Kingdom, London Heathrow, United Kingdom, to Los Angeles, California, and Los Angeles, California, to Plaintiff's final return destination which was back to San Jose, California.

2. On June 25, 2024, at or around 2 P.M. Pacific Time, while on board British Airways Flight Flight No. 269, which was in flight, Plaintiff Tirunelveli Subramanian went to grab his bag from the overhead bin above his flat-bed seat. As he reached overhead, he put some of his weight on his flat-bed seat, which immediately collapsed. Plaintiff fell through the flat-bed seat and sustained serious injuries, pain, suffering, mental anguish, loss of enjoyment of life, and economic and pecuniary damages.

**JURISDICTION**

3. Plaintiffs' claims against Defendant British Airways Airlines, Inc. (hereinafter "British Airways") are for bodily injuries and damages suffered while onboard this flight from London Heathrow, United Kingdom, to Los Angeles, California. This flight was part of a larger booking/itinerary for Plaintiff's international roundtrip from San Jose, California, to Chennai, India. Both the USA, UK, and India are signatories to the treaty entitled: Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (Montreal Convention). Accordingly, Plaintiffs' claims are governed by this treaty.

4. Plaintiff purchased these tickets in the USA, and they were roundtrip tickets with the final place of destination at San Jose International Airport ("SJC") in the USA. Additionally, Plaintiff maintains his principal and permanent residence in the USA. Thus,

COMPLAINT                                    2

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

according to Art. 33(1-2) of the Montreal Convention and pursuant to 28 U.S.C. §1331 (1980) Federal Question, this Court has original federal question jurisdiction over all Plaintiff's claims against British Airways.

## VENUE

5. Plaintiff purchased this international round-trip booking/itinerary in Walnut Creek, California. Walnut Creek, California, is situated within Contra Costa County in this district. Accordingly, venue is proper in this Court pursuant to Art. 33(1-2) of the Montreal Convention and pursuant to 28 U.S.C. § 1391 (2011) Venue.

## PARTIES

6. Plaintiff, Tirunelveli Subramanian, was a ticketed passenger for British Airways Flight No. 269 from London Heathrow, United Kingdom, to Los Angeles, California, on June 25, 2024. This flight was part of a larger booking/itinerary for Tirunelveli Subramanian's international trip which departed on June 4, 2024, from San Jose, California, to Portland, Oregon, Portland, Oregon, to London Heathrow, United Kingdom, London Heathrow, United Kingdom, to Bengaluru, India, and Bengaluru, India, to Plaintiff's final arrival destination in Chennai, India, on June 6, 2024. Plaintiff's return trip departed on June 25, 2024, from Chennai, India, to London Heathrow, United Kingdom, London Heathrow, United Kingdom, to Los Angeles, California, and Los Angeles, California, to Plaintiff's final return destination which was back to San Jose, California. Plaintiff's ticket(s) for the flights were purchased in the United States, specifically in the State of California. Plaintiff Tirunelveli Subramanian is a resident of the State of California.

7. That upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, British Airways, was and is a UK corporation whose headquarters are located in the United Kingdom. It is registered with the California Secretary of State. It is present and doing business with systematic, continuous contacts within the Northern District of California.

COMPLAINT                                    3

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

8. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant British Airways was a foreign profit corporation organized and existing under the laws of the United Kingdom, having its principal place of business at Waterside, Speedbird Way Harmondsworth, UB7 0GB, but registered to do business in California with a designated registered agent.

## INCIDENT

9. On June 25, 2024, at or around 2:00 P.M. Pacific Time, while on board British Airways Flight Flight No. 269, which was in flight, Plaintiff went to grab his bag from the overhead bin above his flat-bed seat. As he reached overhead, he placed some of his body weight on his flat-bed seat, which immediately collapsed. The collapse of the flat-bed seat caused Plaintiff to fall and severely injure himself.

## RESPONDEAT SUPERIOR

10. All acts and/or omissions on the part of employees and agents of defendant British Airways as described above contributed to this accident and were performed within the scope and in furtherance of their employment and/or agency. Under the doctrine of respondeat superior, defendant is liable for any of the acts or omissions of their employees and/or agents.

## CAUSES OF ACTION

### COUNT I – TREATY LIABILITY

11. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though fully set forth.

12. The liability of British Airways is governed by the Montreal Convention. Article 17(1), together with Article 21(1), as increased pursuant to Article 24, provides that British Airways is strictly liable for Plaintiff's recoverable damages up to a value of 151,880 Special Drawing Rights (SDR), which equals approximately $216,000.00 at the time of drafting this complaint.

13. Further, pursuant to Article 21(2) of the Montreal Convention, for damages exceeding 151,880 SDR, British Airways bears the affirmative burden to prove that "(a)

COMPLAINT                              4

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

*such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party."*

14. The sudden malfunction and collapse of the flat-bed seat constitutes an "accident" within the meaning of the Montreal Convention.

15. British Airways owned and operated the subject flight as a common carrier engaged in the business of transporting fare-paying passengers in international flights into the USA. As a common carrier for reward, it failed in its duty to use the utmost care and diligence for the safe carriage of Plaintiff, and to provide equipment, seating systems, and onboard conditions reasonably safe for passenger use.

16. British Airways, through its employees, agents, maintenance personnel, engineers, contractors, and/or management personnel failed to properly inspect, maintain, repair, secure, test, warn about, and/or ensure the safe operation of the subject flat-bed seat and seating mechanism.

17. British Airways cannot meet its burden to prove that Plaintiff's injuries and damages were not due to the negligence or other wrongful acts or omissions of British Airways or its servants or agents, nor can British Airways prove that Plaintiff's injuries were solely caused by a third party.

### COUNT II – COMMON CARRIER NEGLIGENCE

18. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though fully set forth.

19. At the time of this accident, British Airways was a common carrier because it was engaged in the transportation of fare-paying passengers, including Plaintiff. British Airways owed Plaintiff the duty to exercise the highest degree of care consistent with the practical operation of a commercial aircraft engaged in carrying fare-paying passengers.

20. British Airways breached its duties as a common carrier by failing to properly inspect, maintain, repair, test, secure, and/or ensure the safe operation of the subject flat-bed passenger seat and its associated mechanical components.

COMPLAINT                                         5

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

21. As a direct and proximate result of British Airways's acts and omissions, the flat-bed seat collapsed during ordinary and foreseeable passenger use, causing Plaintiff to sustain severe injuries and damages.

## COUNT III – NEGLIGENCE

22. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

23. British Airways and its agents, servants, employees, maintenance personnel, contractors, and/or representatives owed Plaintiff a duty to exercise reasonable care in the ownership, inspection, maintenance, operation, servicing, repair, supervision, and monitoring of the subject aircraft seating system.

24. British Airways breached those duties by negligently:

   a. Failing to properly inspect the flat-bed seat and its mechanical components;

   b. Failing to properly maintain and repair the seating system;

   c. Failing to discover unsafe or defective conditions;

   d. Failing to adequately test the seat and its associated mechanisms;

   e. To the extent that putting weight on the bed system was a known cause of failure of the system, failure to warn; and

   f. Otherwise failing to exercise reasonable care under the circumstances.

25. As a direct and proximate result of British Airways's negligence, Plaintiff sustained bodily injuries and damages.

## COUNT IV – GROSS NEGLIGENCE

26. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

27. British Airways had to refrain from grossly negligent acts and omissions and British Airways's failure to do so constituted gross negligence.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMPLAINT                                6

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

28. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

29. British Airways's conduct constituted all forms of common law negligence, or gross negligence, and/or as applied to British Airways, common carrier negligence. British Airways is liable for the emotional distress suffered by Plaintiff caused by British Airways's misfeasance, malfeasance, and omissions.

## RESERVATION

30. Plaintiff's investigation remains ongoing. Discovery may reveal additional acts of negligence on the part of agents of this defendant or establish that other, so far unnamed, persons or entities may also be at fault that may also have been a contributing cause of this accident.

31. Further, the exact nature and full extent of Plaintiff's injuries and damages are as of yet unknown, they may have additional claims and/or causes of action.

32. To the extent the Court will allow, Plaintiff reserves the right to subsequently amend this complaint accordingly.

## DAMAGES

33. Plaintiff Tirunelveli Subramanian was onboard the airplane at the time of the incident and suffered serious injuries including, but not limited to, physical injury, pain and suffering, disability, together with fear and other emotional trauma casually related to their bodily injuries, the nature and extent of which will be proven at trial.

34. Plaintiff has sustained economic damages, and will in the future, including loss or damage to personal property, costs of medical treatment, prescriptions, medical supplies, other medical expenses, transportation, and loss of income; the nature and extent of which will be proven at trial.

35. Cal.Civ.Code § 3294 (1992), Exemplary Damages … entitles Plaintiff to exemplary damages as against British Airways.

36. Plaintiff's investigation remains ongoing. Discovery may reveal additional acts of negligence on the part of agents of these defendants or establish that other, so

COMPLAINT                    7

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA  98104
T: 206-625-9104
F: 206-682-6710

far unnamed, persons or entities may also be at fault and also a cause contributing to this accident.

37. Further, the exact nature and full extent of Plaintiff's injuries and damages are as of yet unknown, they may have additional claims and/or causes of action.

38. To the extent the law and the Court will allow, Plaintiff reserves the right to subsequently amend this complaint accordingly.

## PRAYER FOR RELIEF

39. WHEREFORE, Plaintiff prays for judgment against the defendant awarding Plaintiff the following according to proof:

    a. Economic and non–economic compensatory damages;

    b. Exemplary damages pursuant to Cal.Civ.Code § 3294 (1992), Exemplary Damages …

    c. Pre-judgment and post-judgment interest;

    d. Actual attorneys' fees and costs incurred herein;

    e. Such other relief as the Court deems just.

40. The exact nature and the full extent of which will be proven at trial.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands trial by jury on all issues.

DATED THIS 2nd day of June, 2026.

HERRMANN LAW GROUP

/s/ Anthony Marsh

Anthony Marsh, WSBA No. 45194
Attorneys for Plaintiff
PRO HAC VICE ADMISSION PENDING

LAW OFFICES OF MICHAEL A. KAHN

/s/ Michael Kahn
/s/ Jeffrey Garfinkel

Michael Kahn, CA Bar No. 123155
Jeffrey Garfinkel, CA Bar No.: 272090
Attorneys for Plaintiff

COMPLAINT        8